IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMTRUST INTERNATIONAL UNDERWRITERS, LTD. § § § | | PLAINTIFF |
| v. § | | Civil No. 1:15cv184-HSO-JCG |
| § KINGSBRIDGE HOLDINGS, LLC, AND § PEARL RIVER COUNTY HOSPITAL § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION [7] TO DISMISS ON ABSTENTION GROUNDS**

BEFORE THE COURT is a Motion [7] to Dismiss this civil action on abstention grounds filed by Defendant Pearl River County Hospital ("Pearl River"). This Motion has been fully briefed. Applying either the *Colorado River* standard or the *Wilton/Brillhart* standard, the Court finds that abstention would be improper, and Pearl River's Motion should be denied.

I. BACKGROUND

This dispute concerns liability insurance coverage under Defendant Kingsbridge Holdings, LLC's ("Kingsbridge") "Directors, Officers, and Private Company Liability Insurance" policies (the "Policies") with Plaintiff AmTrust International Underwriters ("AmTrust"). AmTrust and Kingsbridge dispute whether AmTrust must provide coverage under the Policies for Kingsbridge's defense costs in connection with proceedings pending in Mississippi State Court (the "Underlying Action"). AmTrust also named Pearl River, the plaintiff suing Kingsbridge in the Underlying Action, as a Defendant in this declaratory judgment action under the theory that Pearl River is a necessary and indispensable party

within the meaning of Federal Rule of Civil Procedure 19.  Resp. [14], at 2.

A.      The Underlying Action in State Court

The Underlying Action commenced on November 1, 2013, when Pearl River filed suit in State court against its former CEO, a finance company recommended by the former CEO called Performance Accounts Receivable, LLC ("PAR"), and other companies and vendors involved with or recommended by PAR over a series of allegedly fraudulent financial transactions.  In the Underlying Action, Pearl River alleges that Kingsbridge defrauded the Hospital and Medicare through a capital renovations lease scheme.  Compl. [1-4], at 7–9, *In re Pearl River County Hospital*, No. 2013-0203M (Pearl River Cty. Ct. Nov. 1, 2013).

Kingsbridge, later joined by the other defendants, removed the Underlying Action to this Court on December 2, 2013, arguing that federal question jurisdiction existed because the suit would require interpretation and application of federal law with respect to Medicare reimbursement.  This Court held that it lacked federal question jurisdiction because the case did not necessarily raise a substantial disputed federal issue.  *See* Order [85], *Pearl River Cty. Hosp. v. Walters, et al.* No.1:13-cv-447 (S.D. Miss Sept. 12, 2014).  No other jurisdictional basis existed, and the Underlying Action was remanded to State court on September 12, 2014.  *Id.* Following remand, on November 26, 2014, Pearl River filed an Amended Complaint in State court.  Am. Compl. [1-5], *In re Pearl River County Hospital*, No. 2012-0277H (Pearl River Cty. Ct. Nov. 26, 2014).

B.  Kingsbridge's Policies with AmTrust

Kingsbridge held Directors, Officers, and Private Company Liability Insurance policies with AmTrust for the policy periods March 1, 2013, to March 1, 2014 (the 2013 policy), and March 1, 2014, to March 1, 2015 (the 2014 policy). On December 4, 2014, shortly after receiving the Amended Complaint in the Underlying Action, Kingsbridge notified AmTrust of the Underlying Action and sought coverage for its defense costs under the Policies. Answer/Counterclaim [9], at 25. AmTrust issued a denial letter on June 4, 2015. *Id*. AmTrust took the position that Kingsbridge was required to give notice of its potential claim based on the Underlying Action within 60 days of receiving the original Complaint (filed on November 1, 2013), or within 60 days of the end of the 2013 policy period, to qualify for coverage under the Policies. *Id*. Because Kingsbridge did neither, and because AmTrust interpreted the Complaint and Amended Complaint as constituting the same "claim" under the Policies, AmTrust denied coverage.

C.  Proceedings in this Court

On June 15, 2015, AmTrust filed this declaratory judgment action on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration of "no coverage" under the Policies. On July 20, 2015, Pearl River filed the present Motion to Dismiss [7] AmTrust's Complaint on abstention grounds. Citing concerns of convenience and judicial economy, Pearl River moved the Court to apply *Wilton/Brillhart* abstention and "dismiss this suit for a declaratory judgment as to insurance coverage" and allow the matter to be

3

decided in the State court, "where litigation concerns the conduct giving rise to the coverage dispute." Mem. Supp. Mot. Dismiss [8], at 1–3.

The next day, on July 21, 2015, Kingsbridge filed an Answer, but also included Counterclaims against AmTrust for money damages for bad faith and breach of contract, and a request for a declaratory judgment regarding coverage for future expenses. Answer/Counterclaim [9]. Kingsbridge has not filed a response to Pearl River's Motion to Dismiss.

AmTrust has filed a Response [14] in Opposition to Pearl River's Motion to Dismiss [7], arguing that abstention would be improper, particularly now that Kingsbridge has asserted counterclaims for coercive relief. Pearl River has filed a Reply [15] contending that abstention is proper and that Kingsbridge's counterclaims for coercive relief are frivolous. None of the parties contest that the Court has diversity jurisdiction over this action.

II. DISCUSSION

A.  Legal Standard

The Supreme Court has recognized several abstention doctrines based on considerations of comity and efficiency. The parties do not agree on which of two abstention standards should be applied to Pearl River's Motion: *Wilton/Brillhart* abstention, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), or *Colorado River* abstention, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

1.  *Wilton/Brillhart* Abstention

*Wilton/Brillhart* abstention, the less-stringent of the two doctrines, may be applied to suits brought under the Declaratory Judgment Act, and allows a federal court to decline to exercise its jurisdiction by considering:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
> 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
> 3) whether the plaintiff engaged in forum shopping in bringing the suit,
> 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,
> 5) whether the federal court is a convenient forum for the parties and witnesses,
> 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and . . .
> 7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). For *Wilton/Brillhart* abstention to apply, an exactly parallel pending proceeding in State court is not required. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 394 (5th Cir. 2003) ("[a]lthough the lack of a pending parallel state proceeding did not require the district judge to hear the declaratory judgment action, it is a factor that weighs strongly against dismissal.").

2.  *Colorado River* Abstention

If a suit involves coercive relief rather than only a declaratory judgment, courts apply the more-stringent *Colorado River* abstention standard. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 n.29 (5th Cir. 2014) ("A

5

purely declaratory action affords a court broad discretion to defer to a parallel state proceeding. However, when an action involves coercive relief, the court must apply the abstention standard set forth in [*Colorado River*], under which the court's discretion to dismiss is narrowly circumscribed and is governed by a broader exceptional circumstances standard.") (internal citations and quotations omitted). *Colorado River* abstention may only be exercised under "exceptional circumstances." *Trejo*, 39 F.3d at 589. Courts look to six relevant factors in determining whether such "exceptional circumstances" are present:

> 1) assumption by either court of jurisdiction over a res,
> 2) relative inconvenience of the forums,
> 3) avoidance of piecemeal litigation,
> 4) the order in which jurisdiction was obtained by the concurrent forums,
> 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). *Colorado River* abstention also requires that a parallel suit, having the same parties and the same issues, be pending in State court. *Id.* at 491.

      3.     <u>The *Barnett* "General" Rule and Its Exception for Frivolity</u>

AmTrust argues that, under Fifth Circuit precedent, this Court must apply the *Colorado River* abstention standard to the instant Motion to Dismiss. In *New England Ins. Co. v. Barnett*, the Fifth Circuit held that when a party seeks declaratory relief as well as coercive relief (such as damages), generally the district court should apply *Colorado River* abstention rather than *Wilton/Brillhart* abstention. 561 F.3d 392, 395–96 (5th Cir. 2009). Because Kingsbridge has asserted

claims for damages against AmTrust in its Counterclaim, under the general rule in *Barnett*, *Colorado River* should guide the abstention inquiry.

In Reply [15], Pearl River contends that the Fifth Circuit has carved out an exception to the "general" rule that *Colorado River* abstention applies whenever there is a claim for coercive relief. Specifically, Pearl River argues that where a party's coercive claims are "frivolous" or "added as a means of defeating *Brillhart*," the court may apply *Wilton/Brillhart* abstention instead. *See Barnett*, F.3d at 395–96.

At this early stage in the proceedings, the Court is not inclined to analyze the merits of Kingsbridge's Counterclaims to determine whether the *Barnett* general rule, or its exception for frivolity applies. Moreover, such an analysis is unnecessary. Under either standard, abstention would be improper.

B.    *Wilton/Brillhart* Abstention is Improper

Even if Pearl River were correct, and this Court applied *Wilton/Brillhart* abstention rather than *Colorado River* abstention, weighing the factors accordingly, abstention would still be improper. In its own Memorandum [8], Pearl River contends that five of the seven *Wilton/Brillhart* factors are neutral or inapplicable. Mem. Supp. Mot Dismiss [8], at 2–3. The Court agrees with Pearl River that factors one, two, three, four, and seven either do not apply or do not favor abstention. Pearl River asks this Court to abstain from exercising its jurisdiction based solely on the fifth and sixth factors: convenience and judicial economy. The Court finds that neither of these factors counsels in favor of abstention.

7

First, Pearl River asserts that this forum is inconvenient because it must "travel to the federal courthouse." The Hospital is located approximately fifty miles from the federal courthouse where this matter is being heard, and Pearl River County is located within the Southern Division of this District. The Court finds this is no great inconvenience. Moreover, by asserting claims here, both of the core parties to this insurance coverage dispute, the Insurer and the Insured, have evidenced that they find this forum sufficiently convenient.

Second, Pearl River maintains that judicial economy favors resolving this dispute in "one court rather than two." The Court finds, however, that judicial economy favors keeping these two actions separate. The legal issues involved in the Underlying Action and this insurance coverage dispute are distinct. This action involves a matter of insurance contract interpretation. The Underlying Action involves complex issues of misrepresentation, fraud, complex financial arrangements, and corporate governance. While it may be more economical for Pearl River to be involved in lawsuits in only one forum, it is much more efficient for the judiciary to handle these suits separately.

C.   *Colorado River* Abstention is Improper

Pearl River admits that if *Colorado River* abstention applies to the present action, "abstention by this Court would be improper." Reply [15], at 1. The proceedings here and in the Underlying Action pending in State court are not sufficiently parallel: the parties and issues are not the same. *See Stewart*, 438 F.3d at 491 ("*Colorado River* applies when suits are parallel having the same parties and

8

the same issues."). The Court finds that abstention under *Colorado River* would be improper.

Because abstention is improper under either standard, Pearl River's Motion to Dismiss on abstention grounds will be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Pearl River County Hospital's Motion [7] to Dismiss this civil action on abstention grounds is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of October, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE